NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LAMONT FITCH, | : : : | |
| Petitioner, | : : | Civ. No.10-4619 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA | : : | |
| Respondent. | : : : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the September 10, 2010 petition (the "'10 Petition") filed by Petitioner Lamont Fitch ("Fitch") to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) The Court declined to order Respondent the United States of America (the "Government") to respond to Fitch's '10 Petition, which the Court has considered without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Fitch's '10 Petition.

**I.    BACKGROUND**

The combined procedural history of Fitch's collateral appeals in this Court is somewhat complex. On May 29, 2009, Fitch filed a petition (the "'09 Petition"), apparently pursuant to 28 U.S.C. § 2255, that gave rise to another civil case in this Court, *Lamont Fitch v. United States*, Civ. No. 09-2589 (GEB). After Fitch filed the '09 Petition, the Government submitted a letter on September 4, 2009, that respectfully suggested the Court issue Fitch a letter advising him of his

rights pursuant to the Third Circuit's decision in *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999).  Shortly thereafter, the Court issued Fitch a *Miller* letter on September 10, 2009.  After receipt of the Court's *Miller* letter, Fitch responded that he wished to withdraw the '09 Petition.  In doing so, Fitch asserted that he could not file one "all inclusive" petition pursuant to the stringent terms of § 2255 without certain documents that prison officials had allegedly confiscated.  In light of Fitch's response, on October 19, 2009, the Court ordered Fitch's petition stricken, "without prejudice to refile subject to the one-year period set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255."

      After the Court issued the foregoing order, Fitch filed a motion for extension of time to respond thereto, and also submitted a letter requesting a copy of his response to the Court's *Miller* letter.  Thereafter, on December 8, 2009, the Court ordered the Clerk of the Court to mail Fitch a copy of his *Miller* letter response, and also granted Fitch 60 days to respond to the Court's October 19, 2009 order.  Ultimately, on February 9, 2010, Fitch submitted another letter that alleged he had been deprived of various documents and requested a multitude of transcripts from his criminal trial.

      On September 10, 2010, Fitch filed the '10 Petition that opened the present civil case in this Court, *Lamont Fitch v. United States*, Civ. No. 4619 (GEB).  In the '10 Petition, handwritten on the United States District Court's standard 28 U.S.C. § 2255 form, Fitch notes the history of his criminal proceedings in this Court and subsequent direct appeals.  Specifically, Fitch states that following a jury conviction, this Court sentenced him to 802 months imprisonment on March 24, 1999.  Fitch then states that his direct appeal to the United States Court of Appeals for the Third Circuit was denied.  Finally, Fitch states that his petition for certiorari with the United

States Supreme Court was denied on November 27, 2000.

In the remainder of the '10 Petition, Fitch lodges the substantive arguments upon which he seeks relief under 28 U.S.C. § 2255. In sum, Fitch notes that there are "a total of 30 grounds" for relief asserted in the '10 Petition, which includes several additional pages of handwritten exhibits. Each separate ground appears to attack actions taken or allegedly not taken by his trial counsel and on appeal. In the '10 Petition, Fitch cites the *Sixth Amendment* as the substantive law supporting most, if not all, of his grounds for relief.

## II.   DISCUSSION

### A.   Legal Standard

Under 28 U.S.C. § 2255, a court may vacate, correct or set aside a sentence that:

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. Further, U.S.C.S. § 2255 Procedural Rule 12 (which establishes the procedure for 2255 motions) specifically incorporates the Federal Rules of Civil Procedure "to the extent they are not inconsistent with any statutory provisions or these rules . . . ." 2255 P. R. 12. As the threshold issue posed by this motion is whether or not its consideration is time-barred by the one-year statute of limitations established by 28 U.S.C. § 2255, Federal Rule of Civil Procedure 12(b)(6) frames this Court's analysis.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis. *See Ashcroft v. Iqbal*, -- U.S. --, --, 129 S. Ct. 1937, 1949-50 (2009); *Fowler*, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. *See Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." *Id.* A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *See id.*

Finally, since Fitch was *pro se* when he filed the '10 Petition, the Court shall apply a more liberal standard of review to his claims. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed).

    **B.**    **Application**

Having applied the foregoing legal standard, the Court concludes that Fitch's '10 Petition

4

is time-barred and must therefore be denied.  Section 2255 includes the following statute of limitations clause:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Sub-sections (2) and (3) are inapplicable to this case.  Pertinent to Fitch's '10 Petition, however, are sub-sections (1) and (4).  These focus on the date upon which the judgement against Fitch became final, and the date on which Fitch could have discovered the facts that support this petition through "due diligence," respectively.

Applied here, Fitch's '10 Petition is time-barred pursuant to sub-section (1).  Even using the latest date Fitch's judgment conceivably became final for purposes of a Section 2255 petition – November 27, 2000, the date upon which the Supreme Court denied Fitch's petition for certiorari – the '10 Petition is untimely by nearly nine years.  Moreover, Fitch's '10 Petition is also time-barred pursuant to sub-section (2).  Fitch has presented absolutely no reason why his present Section 2255 petition could not have been

filed within 1 year of at least November 27, 2000.  To the extent Fitch might argue that prison officials' alleged confiscation of certain documents provides grounds upon which the statute of limitations should be equitably tolled, that argument is rejected.  Apparently without those documents, Fitch managed to compile the '10 Petition, which contains no less than 30 asserted discreet grounds for relief pursuant to 28 U.S.C. § 2255.  In sum, therefore, the Court concludes that Fitch's '10 Petition is time-barred and will be denied as such.[1]

### III.    CONCLUSION

For the reasons noted above, Fitch's '10 Petition shall be dismissed.  In light of that conclusion, the Court will order the Clerk of the Court to close both this case (Civ. No. 10-4619 (GEB)) and Fitch's related case (Civ. No. 09-2589)).  An appropriate form of order accompanies this memorandum opinion.

Dated: September 16, 2010

                                                                           /s/ Garrett E. Brown, Jr.
                                                                   GARRETT E. BROWN, JR., U.S.D.J.

---

[1] In reaching this conclusion, the Court simply notes that issuance of a *Miller* letter in the present matter was unnecessary because Fitch's '10 Petition is time-barred on its face pursuant to the standard noted above.