<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LAMONT FITCH, | : | |
| Petitioner, | : | |
| v. | : | Civ. No.10-4619 (GEB) |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| Respondent. | : | |

<u>**BROWN, Chief Judge**</u>

    This matter comes before the Court upon the November 18, 2010 motion for reconsideration filed by Petitioner Lamont Fitch ("Fitch"). (Doc. No. 7) In his present motion, Fitch asks the Court to either reconsider or amend its September 16, 2010 decision that dismissed as time-barred the *pro-se* petition filed by Fitch pursuant to 28 U.S.C. Section 2255 on September 19, 2010. (Doc. Nos. 2, 3) The Court declined to order the United States of America (the "Government") to respond to Fitch's present motion, which the Court has considered without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Fitch's present motion will be denied.

**I.     BACKGROUND**

    On September 10, 2010, Fitch filed the "'10 Petition" that opened this civil case in this Court. *Lamont Fitch v. United States*, Civ. No. 4619 (GEB). In the '10 Petition, Fitch noted the history of his criminal proceedings in this Court, and alleged not less than 30 grounds for relief. On September 16, 2010, after considering all of Fitch's arguments in light of his *pro-se* status,

this Court denied his petition as time-barred by the statute of limitations. The relevant provision within Section 2255, of course, requires that petitions are filed within one year of the date judgment of conviction is finalized or the date on which additional evidence could have been discovered through due diligence. 28 U.S.C. Section 2255. In support of his present motion, Fitch again recounts his case history and generally alleges an apparently pan-governmental conspiracy to deprive him of various documents and his constitutional rights. Ultimately, Fitch requests that the Court grant him the requested relief pursuant to either Rules 59(e) or 60(b),and accept his '10 Petition as timely.

## II.     DISCUSSION

### A.     Legal Standard

In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration and states in pertinent part that:

> a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Further, the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case."

*Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

## B.  Application

Applying that standard here, to the extent Fitch seeks reconsideration of the Court's September 16, 2010 decision, his motion will be denied.  As noted, in support of the present motion, Fitch filed a 13 page handwritten brief that asserts virtually the same bases for relief as his '10 Petition.  Further, Fitch also filed numerous exhibits – notable among which are several score of newspaper clippings that generally address governmental and judicial misconduct over the past decade.  Fitch appears to argue that these clippings evidence a conspiracy against him, and therefore, that he is entitled to some relief pursuant to either Rule 59 or 60.  The Court disagrees.

First, reconsideration of the Court's September 16, 2010 decision pursuant to Rule 59 and Local Civil Rule 7.1 is not appropriate.  Clearly, Fitch's scattershot letter brief and exhibits run afoul of L. Civ. R. 7.1(i) because they patently fail to "[set] forth *concisely* the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ."  (Emphasis added).  More critically, Fitch has failed to coherently and plausibly argue, let alone satisfy, any of the three possible bases for relief in this District on a motion for reconsideration.  Namely, Fitch has identified no relevant facts or law the Court's September 16 decision overlooked, no intervening controlling case law, and has certainly failed to identify any

3

plausible resultant manifest injustice.  Instead, Fitch merely recycles the rudiments of his prior argument that, due to an allegedly vast government conspiracy against him, Fitch has been deprived of his rights and the papers necessary to effectively litigate this case.  Therefore, Fitch's motion for reconsideration will be denied.

The Court also concludes that Fitch's alternate motion under Rule 60(b) is without merit.  The remedy provided by Rule 60(b) is "extraordinary and special circumstances must justify granting relief under it."  *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir.1986).  For the same reasons noted above, and previously in support of the September 16, 2010 decision, the Court cannot conclude that Fitch has shown any extraordinary and special circumstances in this case, and therefore, Fitch's alternate motion under Rule 60(b) will be denied.

Finally, the Court notes that Fitch has made various miscellaneous submissions to the Court since his present motion was filed.  In that correspondence, Fitch primarily requests that the Court decide his present motion, and also appears to extrapolate upon the alleged governmental conspiracies against him.  In light of the Court's foregoing decision to deny Fitch's present motion, to the extent any of Fitch's subsequent submissions could plausibly be construed as an additional request for relief, that request will be denied as moot.  (Doc. No. 13)

### III.   CONCLUSION

For the reasons stated above, Fitch's present motion will be DENIED, and any subsequently filed requests for relief will be denied as moot.  (Doc. Nos. 2, 13)  An appropriate form of order accompanies this memorandum opinion.

Dated: July 14, 2011

                                                   /s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.